**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | |
|---|---|
| IN RE:<br>HELEN K GAY<br>  Debtor | Case No. 23-12178-mdc |
| Freedom Mortgage Corporation,<br>  Movant | Chapter 13 |
| vs.<br>HELEN K GAY<br>  Respondent | 11 U.S.C. §362 |

**ORDER**

  **AND NOW**, this 12th day of January, 2024, it is hereby **ORDERED** that the corresponding Stipulation is hereby approved, shall be, and is hereby made an Order of this Court.

_____
Honorable Magdeline D. Coleman
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| IN RE:<br>HELEN K GAY<br>Debtor | Case No. 23-12178-mdc |
| Freedom Mortgage Corporation,<br>Movant | Chapter 13 |
| vs.<br>HELEN K GAY<br>Respondent | 11 U.S.C. §362 |

## STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF
## FROM THE AUTOMATIC STAY

It is hereby stipulated by and between Brock & Scott, PLLC, counsel for the Movant, Freedom Mortgage Corporation, and Brad J. Sadek, Esquire, counsel for the Debtor, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at 1646 Ward Street, Marcus Hook, PA 19061, mortgage account ending with "8111".

3. The parties agree that the total post-petition arrearage consists of two (2) monthly payments for the months of October, 2023 through November, 2023 at $1,033.51 each, two (2) monthly payments for the months of December, 2023 through January 2024 at $1,052.22 each, less suspense in the amount of $489.69, resulting in the total post-petition arrearage amount of $3,681.77.

4. Debtor has applied for a Loan Modification.

5. The Parties agree that the Debtor has until **February 15, 2024** to enter into a completed Loan Modification agreement that cures these post-petition arrears as well as any pre-petition arrears as listed in Movant's valid secured Proof of Claim.

6. In the event a Loan Modification is not completed by February 15, 2024, the Debtor must file an amended plan by **March 1, 2024** that includes all post-

    petition arrears owed listed in Paragraph 3 plus any additional post petition arrearages owed at the time, into an amended Chapter 13 Plan.

7. Debtor agrees to remain current post-petition from this day forward. Beginning February 1, 2024 in the amount of $1,052.22, all subsequent monthly payments and any late charges, shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be by certified check or money order payable to **FREEDOM MORTGAGE CORPORATION, FREEDOM MORTGAGE / ATTN: BANKRUPTCY DEPARTMENT, 10500 KINCAID DRIVE, FISHERS, IN 46037.**

8. If Debtor provide sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

9. Should the Debtor fail to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, whichever failure occurs first, the Movant may send Debtor and counsel, if applicable, a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362, waiving FED. R. Bankr. P. 3002.1 and waiving Bankruptcy Rule 4001(a)(3) so that the Relief Order is immediately effective and enforceable.

10. In the event the Debtor converts this case to a Chapter 7 during the pendency of this bankruptcy case, the Debtor shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtor fail to bring the loan contractually current, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362, and waiving Rule 4001(a)(3) so that the Relief Order is immediately effective and enforceable.

11. Debtor's tendering of a check to Freedom Mortgage Corporation, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

12. The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

13. The parties agree that a facsimile signature shall be considered an original signature.

Dated: January 2, 2024

/s/ Andrew Spivack
Andrew Spivack, Esquire
Attorney for Movant

BRAD J. Sadek, Esquire
Attorney for Debtor

No Objection - Without Prejudice to Any Trustee Rights or Remedies

/s/ LeeAne O. Huggins
KENNETH E. WEST, Esquire
Trustee